UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:09CV306-3-MU

| | |
|---|---|
| WILLIAM LITTLEJOHN JR., )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>SID HARKLEROAD, )<br>)<br>Respondent. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on initial review of Petitioner's 28 U.S.C. § 2254 Habeas Petition," filed August 10, 2009 (Document No. 1.)

A review of the Petition reflects that on December 14, 2004, Petitioner was convicted by a jury of Assault with a Deadly Weapon with Intent to Kill, Inflicting Serious Injury and Robbery with a Dangerous Weapon. Petitioner appealed and on March 27, 2006, the North Carolina Court of Appeals found no error. On January 12, 2009, almost three years after his conviction, became final, Petitioner filed a motion for appropriate relief (MAR), which was denied on January 15, 2009. Petitioner filed the instant Petition on August 10, 2009 alleging that his counsel was ineffective. Petitioner ignored question 18 on his form petition directing him to explain why the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar his application.

## Analysis

In April 1996, the U.S. Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), effectively amending 28 U.S.C. § 2254 by adding the following

1

language:

A 1 year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review:

(B) the date on which the impediment to filing an application created by State in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court; if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Furthermore, the AEDPA provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

As has been noted above, the instant Petition reports that Petitioner sustained his conviction and sentence on December 14, 2004. Petitioner appealed his conviction and sentence. On March 27, 2006, the North Carolina Court of Appeals found there was no error. Petitioner then allowed almost three to pass after his direct appeal was completed before he initiated his unsuccessful collateral review proceedings in the North Carolina courts. Thus while the AEDPA entitles the Petitioner to have the limitation period tolled for the brief period during which he was pursuing State collateral review, that fact is of little consequence here. That is, the

Petitioner's one-year period already had expired before he even began collateral review. Specifically, Petitioner waited almost three years after his direct appeal was completed before he initiated the collateral review process. Therefore, the Petitioner's pursuit of collateral review in State court simply came too late to have a favorable impact on this Court's calculations.[1]

Moreover, as to equitable tolling, the Fourth Circuit Court of Appeals has stated that such tolling is allowed in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitations period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2004) (en banc), cert. denied, 125 S.Ct 209 (2004). See also United States v. Sosa, 364 F.3d 507, 511-13 (4th Cir. 2004). Here, the Petitioner provides no explanation for his untimely petition, despite being directed on his form petition in question 18 to explain why the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar his application. Petitioner left the question blank.

---

[1] In January 2002, the Fourth Circuit Court of Appeals decided the case of Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002). There, the Court concluded that "when a federal habeas court, prior to trial, perceives a pro-se [petition or motion to vacate] to be untimely and the state has not filed a motion to dismiss based upon the one-year limitations period, the [district] court must warn the petitioner that the case is subject to dismissal . . . absent a sufficient explanation." Consistent with that requirement, in December 2004, the Administrative Office of the Courts modified the federal habeas form to comply with Hill. The new forms now include a section which directs the petition to address the "timeliness of [his/her] motion." In particular, question 18 on the new form advises the petitioner that if his/her conviction became final more than one year before the time that the motion to vacate is being submitted, he/she "must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) [also set forth on the form] does not bar [such] motion." Accordingly, given the fact that the Petitioner had the opportunity to address the timeliness of his Petition on his form petition, and chose to ignore the question by leaving it blank, the Court concludes that he has been given every opportunity to which he is entitled in this regard, and no further warning is required for him. The Court further notes that Petitioner's response shows no confusion and it therefore distinguishable from the Bilal case. See Bilal v. North Carolina, 287 Fed. App'x 241 (4th Cir. 2008). Instead, Petitioner simply chose to ignore the question.

Therefore, equitable tolling is not available for the Petitioner.

### Conclusion

The Petitioner has failed to demonstrate that his <u>habeas</u> Petition was timely filed in this Court. Accordingly, such Petition must be <u>dismissed</u>.

### Order

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the Petitioner's Petition for a Writ of Habeas Corpus is **DISMISSED** as untimely.

**SO ORDERED**.

Signed: September 1, 2009

Graham C. Mullen
United States District Judge